IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 JUN 19 PM 4:26
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY

KEVIN JONES, PLAINTIFF, §
V. § CIVIL NO. A-12-CV-062-LY
WILLIAMSON COUNTY SHERIFF'S OFFICE, DEFENDANT. §

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

Before the court in the above-styled cause of action are Defendant Williamson County's Motion for Summary Judgment, filed January 18, 2013 (Clerk's Doc. No. 35), Appendix in Support of Defendant's Motion for Summary Judgment, filed January 18, 2013 (Clerk's Doc. No. 36), Plaintiff's Response to Defendant's Motion for Summary Judgment, filed March 5, 2013 (Clerk's Doc. No. 44), Defendant Williamson County's Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment, filed March 22, 2013 (Clerk's Doc. No. 48), and Defendant Williamson County's Objections to Plaintiff's Summary Judgment Evidence, filed March 22, 2013 (Clerk's Doc. No. 51). Having considered the motion, response, and reply, the summary-judgment proof, the case file, and the applicable law, the court will grant Defendant's motion.

**I. Background**

Plaintiff Kevin Jones filed this action, proceeding *pro se*,[1] against his former employer—Williamson County Sheriff's Office (Williamson County)—alleging disability

[1] Jones retained counsel on March 30, 2012, but his *pro se* complaint remains the live pleading in this action.

discrimination under the Americans with Disabilities Act (ADA).[2] *See* 42 U.S.C. § 12101 *et seq.* According to Jones's complaint, he began his employment with Williamson County on October 12, 2002, as a patrol deputy. Jones claims he received positive evaluations for the quality of his work for years, until October 16, 2010, when he received the first of four reprimands for "unsatisfactory work performance." The second reprimand, dated November 23, 2010, cited "substandard work performance, time management, and untruthfulness" with respect to his reporting of overtime hours and recommended Jones's termination. On December 2, 2010, Jones was interviewed and informed that an administrative investigation was underway regarding his misrepresentation of his need for overtime, failure to conform to the work standards established for his position, poor work performance with respect to time management and officer safety, improper documentation regarding DVD's submitted into evidence, and untruthfulness to his supervisor. During the interview, Jones admitted that he "wanted help" and the interviewer recommended a Williamson County Employee Assistance Program counselor available to employees.

Jones met with the counselor from December 2010 to January 2011 and informed the counselor of his depression due to problems at home and work. Jones also told the counselor that he had been diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD") as a child and was concerned he may be suffering from memory loss due to a seizure he suffered in 2005. The counselor recommended Jones see an ADHD specialist for a current diagnosis. The counselor allegedly informed Jones that it would be "unsafe for him if his supervisors knew he had ADHD." Thereafter, Jones asked his supervisor what would happen if he had been diagnosed with ADHD,

[2] Although Jones also alleged Williamson County retaliated against him in violation of Title VII of the Civil Rights Act, the court dismissed this claim with prejudice on August 9, 2012 (Clerk's Doc. No. 27).

and his supervisor allegedly stated "we would find you unfit for duty." In February 2011, Jones was diagnosed with ADHD.

On February 17, 2011, Jones appeared before a disciplinary-review board regarding the county's administrative investigation. The investigation determined that Jones had violated two Williamson County Sheriff's Office Rules of Conduct—the prohibitions on untruthfulness and unsatisfactory work performance—by misrepresenting his need for overtime, failing to complete work during regular assigned duty hours, and misusing county computers. The investigative report also referenced Jones's documented history of disciplinary issues, which included five written counselings, two prior internal affairs complaints, a five-day suspension without pay, one written reprimand, and 18 months of probation for previous unsatisfactory performance complaints. In response to these findings, Jones admitted that he had been diagnosed with ADHD and that his doctor had informed him that his work-performance level would increase dramatically with medication. Jones was then informed that he was fired, ostensibly based on his long history of misconduct and acts of untruthfulness.

Jones timely filed an appeal of his termination on February 2, 2011. Soon after, on February 28, 2011, Jones filed a Charge of Discrimination with the Texas Workforce Commission and the Equal Employment Opportunity Commission (EEOC). On June 21, 2011, Jones received a letter from Williamson County notifying him that his appeal had been considered and that he was fired. After receiving a notice of his right to sue from the EEOC, Jones timely initiated this action.

Jones contends he was fired because of his diagnosis of ADHD or perceived diagnosis of ADHD and seeks damages and reinstatement to his previous position. Williamson County now

moves for summary judgment, arguing Jones was not disabled within the meaning of the ADA and there is no evidence that he was discharged because of his disability.

## II. Standard of Review

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F. 3d 455, 458 (5th Cir. 1998). If the moving party carries its burden of showing that there is no genuine dispute as to any material fact, the burden shifts to the nonmovant to introduce specific facts or produce evidence that shows the existence of a genuine dispute regarding a material fact that prevents the grant of summary judgment in the movant's favor. FED. R. CIV. P. 56(e); *see also Celotex*, 477 U.S. at 322–23. A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This court views the evidence in the light most favorable to the nonmovant, drawing all reasonable inferences in the nonmovant's favor. *Allen v. McWane, Inc.*, 593 F.3d 449, 452 (5th Cir. 2010).

## III. Analysis

"The governing premise of the ADA is that '[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . discharge of employees . . . and other terms, conditions, and privileges of employment.'" *Burch v. City of Nacogdoches*, 174 F.3d 615, 619 (5th Cir. 1999) (citing 42 U.S.C. § 12112(a)). Disability discrimination under the ADA occurs where a plaintiff proves that (1) he has a "disability"; (2) he

is a "qualified individual" for the job in question; and (3) an adverse employment decision was made because of his disability. *Id.* Once the plaintiff makes this *prima facie* showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003). Once the employer articulates such a reason, the burden then shifts back upon the plaintiff to establish by a preponderance of the evidence that the articulated reason was merely a pretext for unlawful discrimination. *Id.* Williamson County first argues it is entitled to summary judgment because Jones cannot establish he has a disability as defined by the ADA.

For purposes of the ADA, a disability is defined as "[a] physical or mental impairment that substantially limits one or more of the major life activities of such individual." 29 C.F.R. § 1630.2(g)(1)(i). There is no such things as a "*per se* disability under the ADA." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 223 (5th Cir. 2011). Rather, the ADA requires a case-by-case determination of the nature of the employee's impairment. *Id.* at 222. "[N]o matter how serious the impairment; the plaintiff still must adduce evidence of an impairment that has actually and substantially limited the major life activity on which he relies." *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 199 (2002), *superseded by statute*, ADA Amendments Act of 2008, Pub. L. 110–325, 122 Stat. 3553. "It is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment." *Id.* at 198. "An individualized assessment of the effect of an impairment is particularly necessary when the impairment is one whose symptoms vary widely from person to person."[3] *Id.* at 199.

---

[3] The 2008 amendments to the ADA repudiated the Supreme Court's decision in *Toyota Motor Manufacturing* insofar as it strictly defined the terms "substantially" and "major" in the definition of disability under the ADA. Pub. L. No. 110-325, § 2(b)(4). The amendments instead

Jones's response to Williamson County's motion for summary judgment erroneously states that Williamson County "does not dispute that [Jones] suffered from a disability." Williamson County may not dispute Jones's *diagnosis* of ADHD, but a diagnosis is not enough to satisfy Jones's *prima facie* burden. *See id.* at 198. Rather, Jones must adduce competent summary-judgment evidence demonstrating that his ADHD "substantially limits" a major life activity. Not only does Jones fail to identify the major life activity upon which his claim relies, but he also does not direct the court to any specific evidence to support his claim of a disability. Rather, Jones's response focuses on Williamson County's failure to accommodate his claimed disability. The court notes that Jones has not pleaded a failure-to-accommodate claim, which is "is separate and distinct from a claim of discriminatory treatment under the ADA." *See Green v. Nat'l Steep Corp, Midwest Div.*, 197 F.3d 894, 898 (7th Cir. 1999). Moreover, even if Jones had pleaded such a claim, the issue of reasonable accommodation only arises if the employee first produces sufficient evidence of a disability under the ADA. *See Burch*, 174 F.3d at 619.

The only summary-judgment evidence proffered by Jones with his response to Williamson County's motion is his own affidavit, deposition, and a five-page summary of the transcript of his deposition, which he generally claims create a fact issue precluding summary judgment. Jones does not identify for the court any excerpts from these records that pertain to the question of whether his ADHD constitutes a disability under the ADA. To survive summary judgment, Jones must proffer

---

instructed courts to interpret the term disability in a more inclusive manner. *Id.* However, the requirement of a case-by-case evaluation is still necessary, and the amendments have not altered a plaintiff's *prima facie* burden to demonstrate more than a mere diagnosis of a disability. *See Griffin*, 661 F.3d at 223; *Oxford House, Inc. v. City of Baton Rouge, La.*, –F.Supp.2d–, 2013 WL 1154291, at *3 (M.D. La. 2013).

specific evidence upon which a rational jury could, as a matter of law, find in his favor. *See Gowesky*, 321 F.3d at 512. Jones fails to do so.

In his affidavit and deposition, Jones states that an ADHD specialist diagnosed him with ADHD and ADHD impairs his major life functions by causing lack of focus, lack of attention to detail, lack of organization, and lack of communication skills. Jones also states that his lack of communication skills can be perceived as dishonesty. These vague generalizations about symptoms he perceives as stemming from his ADHD are plainly insufficient under the ADA and its governing regulations to find that ADHD substantially limits one of Jones's major life activities.

EEOC regulations define "substantially limits" as "(i) [u]nable to perform a major life activity that the average person in the general population can perform; or (ii) [s]ignificantly restricted as to the condition, manner, or duration under which an individual can perform a major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." 29 C.F.R. § 1630.2(j)(1). Factors to be considered in determining whether an individual is substantially limited in a major life activity are "(i) [t]he nature and severity of the impairment, (ii) [t]he duration or expected duration of the impairment, and (iii) [t]he permanent or long term impact . . . of or resulting from the impairment." 29 C.F.R. § 1630.2(j)(2).

Jones has not identified for the court any specific activity he was unable to perform or which was substantially limited as a result of his ADHD. The court has no description of Jones's roles and responsibilities at work; no explanation of the tasks Jones is unable to complete due to his claimed disability; no medical evidence documenting Jones's diagnosis and the activities it might impact; and no statements from treating physicians as to the limitations Jones's faces. Without evidence of

this nature, no reasonable juror could differentiate Jones from the average person in the general population who may be disorganized and forgetful by nature. *See* 29 C.F.R. § 1630.2(j)(1).

In sum, Jones's summary-judgment evidence amounts to little more than a claimed diagnosis of ADHD, which is insufficient as a matter of law to create a triable fact issue that ADHD substantially restricts Jones's ability to perform a major life activity. *See* 42 U.S.C. § 12102(2)(A). Because Jones has failed to adduce any evidence upon which a rational juror could find in his favor, Jones's claim of disability discrimination under the ADA fails as a matter of law. Accordingly, the court will grant Williamson County's motion for summary judgment.[4]

**IT IS THEREFORE ORDERED** that Defendant Williamson County's Motion for Summary Judgment (Clerk's Doc. No. 35) is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims asserted by Plaintiff Kevin Jones against Defendant Williamson County Sheriff's Office are **DISMISSED WITH PREJUDICE**.

SIGNED this 19th day of June, 2013.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE

[4] Because Jones has failed to satisfy his summary-judgment burden with respect to the first element of his *prima facie* case of disability discrimination, the court need not, and will not, address Williamson County's other bases for its motion. Nor will the court rule on the parties' numerous evidentiary objections.